## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JACQUELINE T. ROBINSON-REEDER,

      **Plaintiff,**

        **v.**                                  Civil Action No.  11-432 (JEB)

CHRISTINE N. KEARNS, et al.,

      **Defendants.**

## MEMORANDUM OPINION

*Pro se* Plaintiff Jacqueline Robinson-Reeder is an extremely dissatisfied litigant.  In her current action – the latest of many – she names as Defendants a lawyer who represented her opponent in prior suits and various D.C. Superior Court, D.C. Court of Appeals, U.S. District Court, and U.S. Court of Appeals judges whose rulings she takes issue with.  As all of her claims against the judges relate to their official judicial acts, they are immune from suit.  Similarly, Plaintiff fails to assert any comprehensible facts that could constitute a cause of action against the named attorney.  Her case, accordingly, will be dismissed.

### I.      Background

Plaintiff has filed a Complaint that tests the Court's powers of interpretation. This opaque document challenges myriad legal rulings by various Washington judges whom she sues here – namely, Superior Court Judges Maurice Ross, Brian Holeman, and Chief Judge Lee Satterfield, DCCA Chief Judge Eric Washington, U.S. District Judge John Bates, and D.C. Circuit Chief Judge David Sentelle.  She also trains her sights on Defendant Christine Kearns, a partner at the law firm of Pillsbury Winthrop Shaw Pittman, who represented Plaintiff's former employer, the American Council on Education.

Plaintiff lists as causes of action various federal statutes: 42 U.S.C. §§ 1983, 1985, 242, 241, and 1509. Complaint at 1. She spends quite a few pages detailing all of the judicial transgressions her Defendant judges have perpetrated. See id. at 3-17. For example, Chief Judge Sentelle "failed to allow the Interlocutory Appeal on July 17, 2009 for Mrs. Robinson-Reeder to expedite her rights to a Speedy Trial and Appeal," id. at 4; Judge Bates "dismissed the Title VII, complaints on December 4, 2010," id. at 6; Judge Ross "dismissed all emotional distress complaints without allowing any Motion to Oppose by Mrs. Robinson-Reeder," id. at 14; Judge Holeman "refused the Motion for Self-Recusal," id. at 15; Judge Washington "denied the Motion to Sanction," id. at 16; and Chief Judge Satterfield "has done nothing to prevent . . . Judge Ross from failing to follow the SCR rules of procedures." Id. at 17. Attorney Kearns, similarly, is alleged to have acted improperly during litigation against Plaintiff by, for example, "chang[ing] the numbering of Mrs. Robinson-Reeder's pro se complaints in the pas[t] to avoid[] answering the complaint correctly." Id.

In separate Motions, the federal judges, the local judges, and Kearns have now all moved for dismissal.[1]

## II.    Legal Standard

Rule 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in plaintiff's favor. Leatherman v. Tarrant Cty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993). The notice pleading rules are "not meant to impose a great

---

[1]      In considering this Motion, the Court has reviewed Plaintiff's Complaint, the local judges' Motion to Dismiss, the federal judges' Motion to Dismiss, Kearns's Motion to Dismiss and Supplemental Motion to Dismiss, Plaintiff's two Oppositions, and the local judges' Reply. Plaintiff's Complaint, described above, is a model of clarity when compared to her Oppositions.

burden on a plaintiff," <u>Dura Pharm., Inc. v. Broudo</u>, 544 U.S. 336, 347 (2005), and he or she must thus be given every favorable inference that may be drawn from the allegations of fact. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 584 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, <u>Twombly</u>, 550 U.S. at 555, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," <u>Twombly</u>, 550 U.S. at 555 (citing <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 555.

## III. Analysis

The judges' Motions both assert as a complete defense the doctrine of judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." <u>Pierson v. Ray</u>, 386 U.S. 547, 553-54 (1967). The purpose of the doctrine is to protect "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants," <u>Forrester v. White</u>, 484 U.S. 219, 225 (1988) (citation omitted) – precisely the case here. As a result, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." <u>Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978) (citation and internal quotation omitted); <u>see also</u> <u>Imbler v. Pachtman</u>, 424 U.S. 409, 419 (1976) (federal judges entitled to

"absolute immunity . . . for acts committed within their judicial jurisdiction") (citation and internal quotation omitted).

Such immunity covers even suits claiming a deprivation of constitutional rights. See Apton v. Wilson, 506 F.2d 83, 90 (D.C. Cir. 1974) ("The common law immunity of judges is fully applicable in suits under 42 U.S.C. § 1983 alleging deprivations of constitutional rights."); Hughes v. Long, 242 F.3d 121, 128 n.4 (3d Cir. 2001) (judges immune from suits under §§ 1983 and 1985). It also covers recusal decisions, another theme of Plaintiff's Complaint. See, e.g., Shepherdson v. Nigro, 179 F.R.D. 150, 152 (E.D. Pa. 1998) ("judge is immune from suit on a claim predicated on his refusal or failure to recuse himself in a case which he otherwise has jurisdiction to adjudicate, whatever his motive"); Schiff v. Dorsey, 877 F. Supp. 73, 75-76 (D. Conn. 1994) (same); Sato v. Plunkett, 154 F.R.D. 189, 191 (N.D. Ill. 1994) (same); cf. Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435 (1993) ("discretionary decisionmaking [is what] the doctrine of judicial immunity is designed to protect") As all of Plaintiff's claims derive from acts the Defendant judges are alleged to have committed during the course of their judicial duties, the judges' Motions to Dismiss will be granted.

No such blanket doctrine protects Kearns. Plaintiff's allegations, however, fare no better against the lawyer than against the judges. In her Complaint, Plaintiff specifically lists which allegations refer to which Defendant. Those concerning Kearns are purportedly set forth on pages 17-19. Yet, of the twelve numbered allegations, only four (plus the introduction) charge Kearns with anything; the others largely repeat claims of malfeasance committed by the various judges in their judicial capacities. See id. at 18-19. Plaintiff specifically alleges Kearns misnumbered Plaintiff's complaints so as to avoid answering the complaint correctly, informed Plaintiff the D.C. Circuit had "'Indicted' an Motion for Immediate Discharge as Title VII Merit

[*sic*]," admitted to "placing the Defamation Per Se in Mrs. Robinson-Reeder's H.R. Personnel Files [*sic*]," denied the delivery of a Complaint, and accused Plaintiff of "executing signing her name" on a form.  Id.

How these actions amount to a legal cause of action – let alone one under the cited federal statutes for conspiracy, deprivation of rights under the color of law, obstruction of court orders, perjury, subornation of perjury, and conspiracy to interfere with civil rights, see id. at 1 – is beyond the Court.   The suit against Kearns must thus also be dismissed.  See, e.g., Veatch v. Hawk-Sawyer, 2001 WL 1154492, at *1 (D.C. Cir. 2001) (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988), for proposition that "dismissal [is] appropriate where complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance is well disguised"); Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001) ("The dismissal of a complaint on the ground that it is unintelligible is unexceptionable.") (citing Salahuddin, 861 F.2d at 42)).

IV.     **Conclusion**

Because the Court finds that Plaintiff has failed to plead a claim on which relief could be granted, the case will be dismissed.  An Order consistent with this Opinion will be issued this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:   October 3, 2011